**COMMERCIAL TRAVELERS INSURANCE COMPANY, a corporation, Appellant,**

v.

**Nova Garett WALSH, individually and as administratrix of the estate of Ralph H. Garett, deceased, Appellee.**

**No. 14747.**

United States Court of Appeals Ninth Circuit.

Dec. 19, 1955.

Hamblen, Gilbert & Brooke, H. M. Hamblen, Spokane, Wash., for appellant.

Raftis & Raftis, Colville, Wash., for appellee.

Before DENMAN, Chief Judge, BONE, Circuit Judge, and BYRNE, District Judge.

DENMAN, Chief Judge.

This is an appeal from a judgment of the United States District Court for the Eastern District of Washington award-ing the appellee administratrix recovery on an accidental death insurance policy issued by appellant. Jurisdiction was based on diversity of citizenship. Appellant contends that the District Court erred in finding that the death of appellee's husband was caused by an "accident" as that term is used in its policies and as it is interpreted by the Washington Supreme Court.

Ralph H. Garett, appellee's husband, was insured with appellant for $3,750.00 against loss of life "resulting directly and exclusively of all other causes, from bodily injuries sustained during the life of this policy solely through external, violent and accidental means * * * "

On September 24, 1953, Garett was unloading from his truck 43 sacks of wheat each weighing approximately 140 pounds. He was assisted by his son. Garett would drag the sacks along the bed of the truck to its rear end. He would place the sacks upright on a 2″ x 8″ plank which ran from the rear of the truck into the place of storage. His son would place his right arm around the sack and slide it along and down the plank in an upright position into the storage building. Nine sacks were unloaded in this manner.

Garett placed the tenth sack on the plank, and his son started to slide it down the plank. The sack got out of control and started to fall over in an opposite direction from the side of the plank on which the son was standing. There was no danger that the sack would fall on Garett or his son. The sack would have fallen only two or three feet to the floor of the place of storage. However, Garett immediately took one step forward, reached out and quickly grabbed the sack of wheat with one hand and with the other hand held onto the building into which the wheat was being stored. He remained like this, holding the 140 pound sack of wheat at a 45 degree angle, until his son could go around the truck and straighten the sack of wheat.

Garett felt pain in his chest, was taken from his farm to Spokane, Washington for treatment, and died the next day as

the result of a coronary occlusion. An autopsy showed a pre-existing heart condition and a fresh blood clot plugging one of the arteries. Garett's attending physician stated that the new blood clot was a result of the added exertion involved in the incident concerning the tenth sack of wheat, and that Garett probably would have lived had it not been for this unusual exertion. Garett had known that he had a heart condition for only a month before he died and he did not realize its seriousness. He thought that the pain he felt after holding the tenth sack was caused by stomach disorders from which he had suffered for some time.

The Washington decisions construing similar accident insurance provisions recognize two situations. First, where the insured does a *deliberate* act, such as pushing a stalled automobile [1] or dancing;[2] and the exertion causes a heart attack the Washington Supreme Court has held that death was not caused by " 'external, violent, and accidental means.' " The means must be accidental, and the fact that the result is unexpected immaterial. On the other hand, where death is caused by an *unintentional* act such as slipping or falling which leads to a heart attack the Washington Supreme Court has said that recovery should be allowed under such a policy provision.[3]

This case falls somewhere in between those two extremes. Garett's act of quickly grabbing the falling sack was not unintentional but it was not a deliberated thought out action either. Rather he quickly reacted to the situation much as one might swerve a car to avoid a crash or pull someone out of danger. The fact that it was not necessary to grab the falling wheat sack, determined as a matter of hindsight, is not material. Garett reacted to the slipping sack as if it were necessary to keep it from falling.

Apparently there is no Washington decision dealing with the situation where the insured's reaction to what he thinks is danger brings on a heart attack. However, the language used in what appellant contends is the leading Washington decision indicates that where the act of the insured is not "deliberate", in the sense of being voluntarily done to accomplish a planned purpose, the reaction of the insured to danger should be considered part of the accident causing the coronary occlusion. In that case recovery was denied because:

"He [the insured] accomplished *just what he intended* to *in the way he intended to,* and *in the free exercise of his choice.* No accident of any kind interfered with his movements, or for an instant relaxed his *self-control.* There was an unforeseen result of the insured's *deliberate* actions."[4] [Emphasis added.]

The Washington Supreme Court said where one plans an action such as pushing a stalled automobile and that action brings about a heart attack resulting in death one could not say the death was caused by accident. However, in the above quoted language and elsewhere the Washington Supreme Court placed great stress on the deliberateness of the act ruling out accident.

We hold the act was not deliberate and hence not within appellant's contention that "accident is never present when a *deliberate* act is performed, unless some additional, unexpected, independent, and unforeseen happening occurs which pro-

1. Evans v. Metropolitan Life Insurance Co., 1946, 26 Wash.2d 594, 174 P.2d 961. All of the prior Washington decisions on the question of what constitutes an accident under such policies as the one involved here are discussed in the Evans case.

2. Hodges v. Mutual Benefit Health & Accident Ass'n of Omaha, 1942, 15 Wash. 2d 699, 131 P.2d 937, 938.

3. *Dicta:* Evans v. Metropolitan Life Insurance Co., *supra* note 1; Johnson v. Business Men's Assurance Co., 1951, 38 Wash.2d 245, 228 P.2d 760.

4. Evans v. Metropolitan Life Insurance Co., 26 Wash.2d at page 622, 174 P.2d at page 976.

duces or brings about the result of injury or death."[5] To bring appellant's contended rule into play there must be a deliberate act. In the sense the Washington court used that word there was no such act here.

The district court did not err in considering Garett's death as caused by accident under Washington law. The judgment is affirmed.

5. Johnson v. Business Men's Assurance Co., 1951, 38 Wash.2d 245, 249, 228 P.2d 760, 762.